UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RALPH PERFETTO,

                                               Plaintiff(s),

-against-


THE CITY OF NEW YORK, CHARLES J. HYNES, DINO     2014 Civ.    ( 14-2682 )
AMAROSO, JOEL GREENWALD, as Employees of The
Kings County District Attorney's office, and, Individually,     **COMPLAINT**
and, Om Kakani, Detective Perrino, as Employees of
The Richmond County District Attorney's office, and,
Individually.

                                                              **JURY TRIAL DEMANDED**
                                     Defendant(s).
------------------------------------------------------------------X

       Plaintiff, RALPH PERFETTO, by his attorneys, LAW OFFICES OF DENNIS J. KELLY, P.C., for his complaint respectfully alleges:

## NATURE OF THE ACTION

       1.     This is an action for deprivations, committed by Defendants while acting in concert and under color of New York State law, of Plaintiff's rights, privileges and immunities as guaranteed him by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§: 983, 1985.

## JURISDICTION

       2.     The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

       3.     Plaintiff, RALPH PERFETTO, is a citizen of the United States, domiciliary of the State of New York and resident of the City of New York in the County of Kings.

4.      Defendant, CHARLES J. HYNES (hereinafter HYNES), who is sued personally and in his individual capacity, at all times relevant to this complaint was the elected District Attorney of the King's County District Attorney's Office.

5.      Defendant, DINO AMAROSO (hereinafter AMAROSO), who is sued personally and in his individual capacity, at all times relevant to this complaint was an Assistant District Attorney employed by the King's County District Attorney's Office.

6.      Defendant, JOEL GREENWALD (hereinafter GREENWALD), who is sued personally and in his individual capacity, at all times relevant to this complaint was an Assistant District Attorney in the King's County District Attorney's Office.

7.      Defendant, Om Kakani, (hereinafter KAKANI), who is sued personally and in his individual capacity, at all times relevant to this complaint was an Assistant District Attorney in the Richmond County District Attorney's office.

8.      Defendant, Detective Perrino, who is sued personally and in her individual capacity, at all times relevant to this complaint was an Investigator in the Richmond County District Attorney's office.

9.      Defendant, THE CITY OF NEW YORK (hereinafter CITY), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the said State.

## THE FACTS

10.     Commencing on or about 1989 HYNES was elected and continuing for the entire period of the Defendant HYNES tenure as District Attorney for the borough of Brooklyn the Defendant, HYNES, there existed a culture and practice of deliberate violations of the constitutional rights of suspects and political enemies of HYNES who unconstitutionally and maliciously used his political power and prosecutorial authority to systematically crush political

opponents with politically motivated prosecution designed to stifle any threat to the HYNES dynasty and control over Brooklyn politics.

11. Plaintiff, RALPH PERFETTO, was a party official for the Democratic Party and elected member of The Democratic State Committee from the 52nd Assembly District for 22 years from 1992 until 2010.

12. While PERFETTO worked on the HYNES campaigns for New York State Attorney General in 1994, Governor of New York in 1998, re-election in Hynes races for District Attorney in 2001 and 2005, in September 2005 things changed when PERFETTO ran for County Leader against HYNES hand-picked candidate Vito Lopez.

13. In the September 2005 democratic primary, Hynes was re-elected by less than 5% of the vote, a razor thin margin for an incumbent District Attorney, resulting in Hynes becoming politically dependent on the County Democratic machine run by Vito Lopez.

14. HYNES openly backed the now disgraced former Assemblyman Vito Lopez for County Democratic leader against PERFETTO, a race in which PERFETTO lost after circulating an open letter to party leaders criticizing the Lopez candidacy. It was this audacious challenge to HYNES' grip on the Brooklyn Democratic machine that unleashed the wrath of HYNES.

15. On or about August 21, 2008, PERFETTO appeared in the Brooklyn Criminal Court with his cousin's son to assist him as a private investigator, concerning a Desk Appearance Ticket, a minor criminal matter. PERFETTO appeared before the Court for this matter and eventually sent two statements via fax to the ADA in the part concerning two witnesses. PERFETTO never had any other involvement in this criminal matter.

16. On or about April of 2009 PERFETTO was contacted by Det. Perrino of the Richmond County District Attorney's office indicating that she had a complaint against

PERFETTO for acting as an attorney without a license with regard to the August 21, 2008 case against his cousin's son ANTHONY MARTIRE.

17. PERFETTO immediately appeared without an attorney, offered to take a lie detector and explained the situation. He was told that he could leave and did not hear anything about this until April 2010 when he was informed that the Defendant Assistant District Attorney GREENWALD, from Hynes office had filed a complaint against PERFETTO.

18. On or about June 1, 2010, PERFETTO was charged with the misdemeanor of the unauthorized practice of law.

19. Eventually after a trial with ineffective and unprofessional representation, Mr. Perfetto was convicted of the unauthorized practice of law, a misdemeanor, fined one thousand dollars, plus, a two hundred dollar surcharge.

20. Perfetto did not appeal his conviction, nor, was he confined by the State of New York.

21. The timing and public arrest of PERFETTO was no coincidence and was carefully orchestrated by HYNES, AMAROSO and GREENWALD to embarrass and deny PERFETTO from being reelected to his position of leadership in the Democratic party as the June 1, 2010 arrest was just four days before the petitioning for reelection was to begin.

22. PERFETTO's opponent Kevin Carroll was a HYNES/Lopez groomed candidate that immediately sent out campaign material smearing PERFETTO's name as a result of the perfectly timed arrest of PERFETTO by the HYNES syndicate.

23. As a result of the arrest there was substantial publicity which help cause PERFETTO's loss to Carroll. Carroll then enthusiastically supported Lopez for re-election as County Leader.

24. HYNES then hires relatives of Kevin Carroll as Assistant District Attorneys.

25. With a view of insuring that Plaintiff's objective of continuing as a District leader would never by realized, HYNES, AMAROSO and GREENWALD entered into a plan to elect Kevin Carroll as District leader.

26. But for those PERFETTO's First Amendment expression of political opinion on the matter of Vito Lopez's qualifications as leader and for his audacity to run against the HYNES candidate he would not have been targeted for selective prosecution.

27. In furtherance of the punitive plan HYNES met with subordinate members of the District Attorney's Office at staff meetings, informed them that these persons were to be so targeted.

28. In furtherance of this scheme to arrange for the arrest and humiliation of PERFETTO and other opponents of the HYNES Defendant AMAROSO compiled and maintained an "enemies list" consisting of individuals HYNES believed to be threats to HYNES domination of the Brooklyn Democratic Party and his position of District Attorney.

29. As a result, members of the District Attorney's Office including HYNES, AMAROSO and GREENWALD were apprised of HYNES and AMAROSO's intentions and agreed to act in concert with them with a view towards effectuating Plaintiff's punitive arrest.

30. At the time Defendants agreed to their retaliatory plan, the District Attorney's Office was under HYNES' authority and control, and had established a long-standing practice of:

   a. Exacting political revenge against opponents of HYNES to candidates running against him for District Attorney such as Judge John L. Phillips, Sandra Roper, and others.

   b. HYNES office also engaged in numerous acts of prosecutorial misconduct while continuing unconstitutional prosecutions of individuals that were each incarcerated for decades while knowingly withholding exculpatory evidence

against dozens of individuals including Jabbar Collins, Willie Lopez, David Ranta, Jonathan Fleming, and others.

31. At the time Defendants agreed to execute their retaliatory plan against Plaintiff they knew that Plaintiff was party official for 22 years and that he was scheduled for re-election campaign beginning on June 6, 2010 and knowing that the arrest of Plaintiff four days before petitioning would effectively cause HYNES' hand picked candidate, Kevin Carroll, to prevail in the election to replace Plaintiff as a member of the Democratic State Committee.

32. HYNES, with a view towards destroying Plaintiff's career, and, as retaliation for running against Vito Lopez for County Leader, as well as his reputation in the community, caused the arrest to be reported to the press on the eve of the official start of the 2010 election.

33. As a result of Defendants' conduct and the media hype that HYNES was able to generate, the Plaintiff PERFETTO lost the election to Kevin Carroll.

34. As a proximate result of Defendants' retaliatory and selective enforcement of the law with respect to Plaintiff, Plaintiff was deliberately and/or willfully: subjected to extreme public embarrassment; forced to endure extreme public humiliation; subjected to intense emotional distress; forced to endure disabling anxiety; subjected to extreme public degradation; made to suffer feelings of shame; caused to forfeit his license as a Private Investigator; incurred costs of attorney's fees, otherwise rendered sick and sore.

## AS AND FOR A CLAIM

35. Repeats and realleges as if fully set forth the allegations of fact contained in paragraph "1" to "34" inclusive.

36. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed him by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§1983, 1985.

WHEREFORE judgment is respectfully demanded:

a. Granting such punitive damages, as against the individually named Defendants, as the jury may impose,

b. Granting as against all Defendants such compensatory damages as the jury may determine,

c. Awarding reasonable attorney's fees and costs, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: Glen Head, New York
      April 28, 2014

                              Yours, etc.,

                              LAW OFFICES OF DENNIS J. KELLY, P.C.

                              _____
                              Dennis Kelly, Esq.
                              *Attorneys for Plaintiff*
                              137 Glen Head Road
                              Glen Head, New York 11545
                              Telephone: (516) 686-6768
                              Facsimile: (516) 686-6771