Index No.  14-CV-2682 (ILG) (RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RALPH PERFETTO,

Plaintiff,

-against-

THE CITY OF NEW YORK, CHARLES J. HYNES,
DINO AMOROSO, JOEL GREENWALD, as Employees
of the Kings County District Attorney's Office, and
Individually,   and,   OM   KAKANI,   DETECTIVE
PERRINO, as Employees of the Richmond County
District Attorney's Office, and Individually,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, Amoroso,*
*Greenwald, Hynes, and Murphy*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Theresa D'Andrea, Esq.*
*Tel:  (212) 356-3187*
*Matter No. 2014-019211*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 2

STANDARD OF LAW .................................................................................................... 3

ARGUMENT

      POINT I

           DEFENDANTS ARE ABSOLUTELY IMMUNE FROM SUIT. ............................................................................. 5

           A.  Former District Attorney Charles Hynes and the Individually Named ADAs Sued in Their Official Capacity Are Entitled to Eleventh Amendment Sovereign Immunity. ....................... 5

           B.  The Individually Named Defendants Are Also Entitled to Absolute Immunity. ................................. 6

           C.  The Individually Named Defendants Are Entitled Qualified Immunity .................................. 9

      POINT II

           PLAINTIFF HAS FAILED TO STATE A CLAIM .................................. 10

           A.  Plaintiff Has Failed to Allege a Due Process Claim. ..................................................... 10

           B.  Plaintiff Has Failed to State a Claim for Selective Prosecution ..................................... 11

           C.  Plaintiff Has Failed to State a Civil Conspiracy Claim. .............................................. 14

      POINT III

           PLAINTIFF HAS FAILED TO ALLEGE PERSONAL INVOLVEMENT ................................ 16

**Page**

POINT IV

    PLAINTIFF HAS FAILED TO STATE A CLAIM
    FOR MUNICIPAL LIABILITY AGAINST
    DEFENDANTS CITY AND HYNES.......................................................18

CONCLUSION......................................................................................................20

## TABLE OF AUTHORITIES

**Cases**  **Pages**

Appel v. Spiridon,
   531 F.3d 138 (2d Cir. 2008) ........................................................................13

Ashcroft v. Iqbal,
   129 S. Ct. 1937 (2009) ..........................................................................3, 16

Bankhead v. John,
   No. 10-CV-510 (NGG) (LB),
   2010 U.S. Dist. LEXIS 23632 (E.D.N.Y. Mar. 11,  2010) ........................5

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ...................................................................................3

Bernard v. County of Suffolk,
   356 F.3d 495 (2d Cir. 2004) .......................................................................8

Black v. Coughlin,
   76 F.3d 72 (2d Cir. 1996) .........................................................................17

Bradway v. Gonzales,
   26 F.3d 313 (2d Cir. 1994) .........................................................................9

Bristol v. Queens County,
   No. 09-CV-5544 (JFB) (AKT),
   2013 U.S. Dist. LEXIS 41655 (E.D.N.Y. Feb. 27, 2013) ......................5-6

Bryant v. Maffucci,
   923 F.2d 979 (2d Cir. 1991),
   adopted by 2014 U.S. Dist. LEXIS 37878 (S.D.N.Y. Mar. 21, 2014) ....................19

Buckley v. Fitzsimmons,
   509 U.S. 259 (1993) ...................................................................................7

Cantave v. N.Y. City Police Officers,
   No. 09-CV-2226 (CBA) (LB),
   2011 U.S. Dist. LEXIS 34231 (E.D.N.Y. Mar. 17, 2011) ........................12

Carson v. Lewis,
   35 F. Supp. 2d 250 (E.D.N.Y. 1999) .......................................................15

City of Canton v. Harris,
   489 U.S. 378 (U.S. 1989) .........................................................................19

**Cases**                                                                                                          **Pages**

City of Cleburne v. Cleburne Living Ctr.,
    473 U.S. 432 (1985) ....................................................................................12

Cobb v. Pozzi,
    363 F.3d 89 (2d Cir. 2003) ...........................................................................12

Colon v. Coughlin,
    58 F.3d 865 (2d Cir. 1995) ...........................................................................16

Curley v. Village of Suffern,
    268 F.3d 65 (2d Cir. 2001) ...........................................................................16

Danielak v. City of New York,
    No. 02-CV-2349 (KAM),
    2005 U.S. Dist. LEXIS 40901 (E.D.N.Y. Sept. 26, 2005) ........................15

Davis Construction Corp. v. County of Suffolk,
    112 Misc.2d 652,
    aff'd, 95 A.D.2d 819 (2d Dep't 1983) .............................................................5

Doe v. Phillips,
    81 F.3d 1204 (2d Cir. 1996) ...........................................................................7

Dory v. Ryan,
    25 F.3d 81 (2d Cir. 1994) ...............................................................................7

In re Elevator Antitrust Litig.,
    502 F.3d 47 (2d Cir. 2007) .............................................................................3

Engquist v. Or. Dep't of Agric.,
    553 U.S. 591 (2008) ................................................................................12, 13

Everson v. New York City Transit Auth.,
    216 F. Supp. 2d 71 (E.D.N.Y. 2002) ...........................................................15

Ezagui v. City of New York,
    726 F. Supp. 2d 275 (S.D.N.Y. 2010) ..........................................................19

Farid v. Ellen,
    593 F.3d 233 (2d Cir.2010) ..........................................................................17

Faulkner v. Verizon Commc'n, Inc.,
    156 F. Supp. 2d 384 (S.D.N.Y. 2001) ...........................................................4

Giraldo v. Kessler,
    694 F.3d 161 (2d Cir. 2012) ...........................................................................7

**Cases**                                                                                                          **Pages**

Goldstein v. Pataki,
   516 F.3d 50 (2d Cir. 2008) ....................................................................................................4

Gu v. Municipal Government of New York,
   No. 96-2857, 1997 U.S. App. LEXIS 12330 (RKW) (FXA) (JAC) (2d Cir. 1997) .................7

Harlen Assocs. v. Inc. Vill. of Mineola,
   273 F.3d 494 (2d Cir. 2001) ...............................................................................................12

Heusser v. Hale, 777 F. Supp. 2d 366, 386 (D. Conn. 2011) ....................................................12, 14

Hendrix v. City of New York,
   No. 12-CV-5011 (ILG) (CLP),
   2013 U.S. Dist. LEXIS 179259 (E.D.N.Y. Dec. 20, 2013)................................................8, 17

Hill v. City of New York,
   45 F.3d 653 (2d Cir. 1995) ...................................................................................................8

Hunter v. Bryant,
   502 U.S. 224 (1991) ...........................................................................................................10

Imbler v. Pachtman,
   424 U.S. 409 (1976) ........................................................................................................6, 7

Jackson v. County of Nassau,
   No. 07-CV-245 (JFB) (AKT), 2009 U.S. Dist. LEXIS (E.D.N.Y. Feb. 13, 2009) ....................6

Jones v. City of New York,
   No. 12-CV-1739 (JBW), 2013 U.S. Dist. LEXIS 179265 (E.D.N.Y. Dec. 20, 2013) .............19

Jones v. J.C. Penny's Dep't Stores Inc.,
   317 Fed. Appx. 71 (2d Cir. 2009)........................................................................................12

Kentucky v. Graham,
   473 U.S. 159 (1985) ...........................................................................................................18

Koltun v. Berry,
   No. 13 Civ. 1612 (PAC) (JCF), 2013 U.S. Dist. LEXIS 186354
   (S.D.N.Y. Oct. 25,  2013),
   report and recommendation adopted by 2014 U.S. Dist. LEXIS 37878
   (S.D.N.Y. Mar. 21, 2014) ................................................................................................4, 18

Lennon v. Miller,
   66 F.3d 416 (2d Cir. 1995) ...................................................................................................9

**Cases**                                                                                                  **Pages**

Lisa's Party City. Inc. v. Town of Henrietta,
    185 F.3d 12 (2d Cir. 1999) ...................................................................................12

Malley v. Briggs,
    475 U.S. 335 (1986) ...........................................................................................10

Marbley v. Bane,
    57 F.3d 224 (2d Cir. 1995) ...................................................................................5

Martin v. City of New York,
    No. 11 Civ. 600 (PKC) (RLE),
    2012 U.S. Dist. LEXIS 56632 (S.D.N.Y. Apr. 19, 2012) .......................................19

Massi v. Flynn, 353 F. App'x 658, 660 (2d Cir. 2009)) ............................................12, 14

Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,
    7 F.3d 1085 (2d Cir. 1993) .................................................................................15

Monell v. Department of Social Services of City of New York,
    436 U.S. 658 (1978) ........................................................................................18-20

Neroni v. Zayas,
    No. 13-CV-0127 (LEK) (DEP),
    2014 U.S. Dist. LEXIS 44522 (N.D.N.Y. March 31, 2014) .....................................8

Parkinson v. Cozzolino,
    238 F.3d 145 (2d Cir. 2001) .................................................................................7

Pearson v. Callahan,
    555 U.S. 223 (2009) .............................................................................................9

Porr v. Daman,
    299 Fed. Appx. 84 (2d Cir. 2008)........................................................................12

Robinson v. Rome,
    No. 11-CV-1411 (NGG) (LB),
    2011 U.S. Dist. LEXIS 43784 (E.D.N.Y. Apr. 20, 2011) .......................................19

Schmueli v. City of New York,
    424 F.3d 231 (2d Cir. 2005) ..............................................................................6, 7

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995) .................................................................................16

Snowden v. Hughes,
    321 U.S. 1 (1944) ..............................................................................................11

**Cases**                                                                                          **Pages**

Spavone v. New York State Dep't of Corr. Servs.,
   719 F.3d 127 (2d Cir. 2013) ...................................................................................16

Taylor v. Beckham,
   178 U.S. 548 (1900) .............................................................................................11

Thomas v. Goord,
   215 Fed. Appx. 51 (2d Cir. 2007)..........................................................................4

Thomas v. Venditto,
   925 F. Supp. 2d 352 (E.D.N.Y. 2013) .................................................................18

United States v. Armstrong,
   517 U.S. 456 (1996) .............................................................................................12

Velez v. Levy,
   401 F.3d 75 (2d Cir. 2005) ...................................................................................11

Villa v. City of New York,
   No. 11 Civ. 1669 (RJS), 2013 U.S. Dist. LEXIS 49830 (S.D.N.Y. Mar. 14, 2013) ...............15

Volpe v. Nassau Cnty.,
   915 F. Supp. 2d 284 (E.D.N.Y. 2013) .................................................................18

Wright v. Smith,
   21 F.3d 496 (2d Cir. 1994) ...................................................................................16

Ying Jing Gan v. City of New York,
   996 F.2d 522 (2d Cir. 1993) ...................................................................................5

**Statutes**

42 U.S.C. § 1983.......................................................................5, 6, 15, 16, 18, 19

42 U.S.C. § 1985......................................................................................................15

Fed. R. Civ. P. 8(a)(2)..............................................................................................3

Fed. R. Civ. P. 12(b)(6) ................................................................................1, 3, 4, 6

Fed. R. Evid. 201 .....................................................................................................4

N.Y. COUNTY LAW § 700(1) ................................................................................9

N.Y. JUD. LAW § 478 ........................................................................................9, 10

N.Y. JUD. LAW § 486 .............................................................................................9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RALPH PERFETTO,

                                  Plaintiff,      14-CV-2682 (ILG) (RML)

               -against-

THE CITY OF NEW YORK, CHARLES J. HYNES,
DINO AMOROSO, JOEL GREENWALD, as Employees
of the Kings County District Attorney's Office, and
Individually, and, OM KAKANI, DETECTIVE PERRINO,
as Employees of the Richmond County District Attorney's
Office, and Individually,

                              Defendants.

------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

        Plaintiff Ralph Perfetto brings this action against defendants the City of New York, former District Attorney Charles Hynes, former Deputy District Attorney Dino Amoroso, Assistant District Attorney ("ADA") Joel Greenwald, former ADA Om Kakani,[1] and Detective Murphy (formerly known as "Perrino"), alleging that plaintiff was selectively prosecuted for the criminal offense of the unauthorized practice of law.  Defendants City, Amoroso, Greenwald, Hynes, and Murphy respectfully submit their Memorandum of Law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint.

---

[1] Upon information and belief, former ADA Om Kakani has not been served with process to date.  Defendant Kakani, therefore, is not currently a party to this suit.  Nonetheless, the arguments set forth herein apply equally to bar plaintiff's suit as to defendant Kakani.

For purposes of this motion, plaintiff's complaint is broadly interpreted to plead the following causes of action against defendants City, Amoroso, Greenwald, Hynes, and Murphy: (1) a due process claim by way of a deprivation of plaintiff's property interest; (2) selective prosecution; (3) civil conspiracy; and (4) municipal liability pursuant to <u>Monell</u>.[2] In asserting these allegations, however, plaintiff has failed to state any constitutionally cognizable claim against defendants.

## STATEMENT OF FACTS

Plaintiff was prosecuted and convicted for appearing as an attorney-at-law without being admitted and registered.  Plaintiff is now suing the prosecutors involved in his conviction.  Specifically, plaintiff alleges that, on or around August 21, 2008, plaintiff appeared in the Brooklyn Criminal Court with his cousin's son to assist him as a private investigator. (Plaintiff's Complaint ("Compl."), annexed to the D'Andrea Declaration ("Decl.") as <u>Exhibit A</u>, ¶ 15.)  Plaintiff alleges that his involvement in the criminal matter consisted of appearing before the Court on this matter and sending two statements via fax to the assigned ADA.  (<u>Exhibit A</u>, Compl., ¶ 15.)  Detective Murphy, who is an Investigator with the Richmond County District Attorney's Office, contacted plaintiff in April 2009 because defendant ADA Greenwald had filed a criminal complaint against plaintiff for acting as an attorney without a license with regard to the August 21, 2008, appearance.  (<u>Exhibit A</u>, Compl., ¶¶ 16-17.)  Plaintiff was arrested on June 1, 2010, and plaintiff was subsequently convicted of the unauthorized practice of law by a jury on May 26, 2011.  (<u>Exhibit A</u>, Compl., ¶ 19; "Certificate of Disposition," annexed to D'Andrea Decl., as <u>Exhibit B</u>.)  Plaintiff does not state why both the Kings County and

---

[2] To the extent the Court should construe plaintiff's complaint to potentially assert a cause of action not addressed herein, defendants respectfully request permission to address the viability, if any, of those causes of action in a supplemental submission.

Richmond County District Attorney's Office were involved in his prosecution.   There is absolutely no mention of defendant Kakani in the complaint.   Instead, plaintiff alleges that his prosecution "was carefully orchestrated by Hynes, Am[o]roso and Greenwald to embarrass and deny" him from being reelected to his seat within the Democratic Party.   (Exhibit A, Compl., ¶ 21.)   Defendants submit that plaintiff has masked his dissatisfaction with losing his political seat with a selective prosecution claim against the individually named defendants.   As set forth below, plaintiff has failed to state a claim upon which relief may be granted because, among other reasons, the defendants are entitled to sovereign immunity and absolute prosecutorial immunity, and because plaintiff has failed to allege sufficiently the elements of his claims.

## STANDARD OF LAW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Under this standard, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).   A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.   Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557; see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) ("While Twombly does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiffs' claims across the line from conceivable to plausible.") (internal quotation marks and alteration omitted).   The Second Circuit has additionally noted that a plaintiff must "provide grounds upon which his claim rests through

factual allegations sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). "Where the complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the minimum standard." Koltun v. Berry, No. 13 Civ. 1612 (PAC) (JCF), 2013 U.S. Dist. LEXIS 186354, at **6-7 (S.D.N.Y. Oct. 25, 2013), report and recommendation adopted by 2014 U.S. Dist. LEXIS 37878 (S.D.N.Y. Mar. 21, 2014).

At the motion to dismiss stage, courts consider "only the facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Thomas v. Goord, 215 Fed. Appx. 51, 52 (2d Cir. 2007) (internal quotation marks and citations omitted). The doctrine of judicial notice is governed by Federal Rule of Evidence 201, which states that "a court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. It is common and entirely proper for courts to take judicial notice of other court proceedings. See Faulkner v. Verizon Commc'n, Inc., 156 F. Supp. 2d 384, 391 (S.D.N.Y. 2001) (explaining that a court "may take judicial notice of pleadings in other lawsuits attached to the defendants' motion to dismiss, as a matter of public record" (citations omitted)).

Defendants respectfully submit that the exhibits annexed to the D'Andrea Declaration are incorporated by reference in plaintiff's complaint and/or are matters of public record. Accordingly, this Court may properly consider the substance of these records in deciding defendants' motion to dismiss pursuant to Rule 12(b)(6).

## ARGUMENT

## POINT I

### DEFENDANTS ARE ABSOLUTELY IMMUNE FROM SUIT.

Plaintiff purports to sue defendants Amoroso, Greenwald, Hynes, and Murphy in their official capacity. However, defendants are entitled to immunity from this lawsuit under the Eleventh Amendment.

**A.   Former District Attorney Charles Hynes and the Individually Named ADAs Sued in Their Official Capacity Are Entitled to Eleventh Amendment Sovereign Immunity.**

The Eleventh Amendment bars suits against state officials sued in their official capacity. Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."). "The District Attorney's Office is an official arm of the State of New York and any claims against it are barred by the doctrine of state sovereign immunity." Bankhead v. John, No. 10-CV-510 (NGG) (LB), 2010 U.S. Dist. LEXIS 23632, at *6 (E.D.N.Y. Mar. 11, 2010) (citing Marbley v. Bane, 57 F.3d 224, 233 (2d Cir. 1995)). When plaintiff "seeks to hold the ADA in his criminal case liable for money damages in his or her official capacity under § 1983, this claim is also barred by the Eleventh Amendment." Id. (citing Ying Jing Gan, 996 F.2d at 536). A "District Attorney is not an officer or employee of the municipality but is instead a quasi-judicial officer acting for the state in criminal matters," and is therefore entitled to sovereign immunity regarding decisions made and actions taken in the prosecution of a criminal case. Ying Jing Gan, at 535-536 (quoting Davis Construction Corp. v. County of Suffolk, 112 Misc.2d 652, aff'd 95 A.D.2d 819 (2d Dep't 1983)); see also Bristol v. Queens County, No. 09-CV-5544 (JFB) (AKT), 2013 U.S. Dist. LEXIS 41655, at *20 n.9 (E.D.N.Y.

Feb. 27, 2013) ("The Court also notes that any actions taken by DA Rice and ADAs Doddato and Doe which are determined to have been undertaken in their official capacities in a prosecutorial role would be shielded from suit under the Eleventh Amendment, which, with few exceptions, 'bars federal courts from entertaining suits by a private party against a state in its own name.'") (internal cites omitted)); Jackson v. County of Nassau, No. 07-CV-245 (JFB) (AKT), 2009 U.S. Dist. LEXIS 11547 at **11-12 (E.D.N.Y. Feb. 13, 2009) (noting that county district attorneys and assistant district attorneys are state officials, who, when sued in their official capacities, are protected by Eleventh Amendment sovereign immunity).

Here, plaintiff is suing defendants Amoroso, Hynes, and Greenwald in their official capacities.   Therefore, any claims against the individually named defendants in their official capacity should be dismissed accordingly.

**B.      The Individually Named Defendants Are Also Entitled to Absolute Immunity.**

Assuming, *arguendo*, that sovereign immunity does not apply, defendants Amoroso, Greenwald, Hynes, and Murphy are entitled to absolute immunity, which shields the individually named defendants from the lawsuit itself.

Absolute immunity protects prosecutors "not only from liability," but also from the lawsuit itself, and "the validity of the defense should be determined at an early stage." Schmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005).  Absolute immunity protects prosecutors from both state and federal claims in a § 1983 suit.  Id., at 238.  Therefore, "the absolute immunity defense may be resolved as a matter of law on a motion to dismiss the complaint pursuant to Rule 12(b)(6)."  Id.  "It is by now well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursing a criminal prosecution" . . . "is immune from a  civil suit for damages under § 1983."  Id. (citing Imbler v. Pachtman, 424 U.S. 409, 410, 431 (1976)).  "The rationale for conferring absolute immunity in

such circumstances is that 'the public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages.'" Id., at 237 (citing Imbler, 424 U.S. at 424-25).

"Thus, prosecutors are 'shielded from liability for damages with respect to acts performed within the scope of [their] duties when pursing a criminal prosecution." Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001) (citing Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir. 1996)). Put another way, prosecutors are immune from liability for "prosecutorial duties that are 'intimately associated with the judicial phase of the criminal process.'" Id. (quoting Doe, 81 F.3d at 1209). Courts apply a "functional approach," examining the nature of the function performed, rather than a blanket application of absolute immunity applied to all prosecutors. Id. (citing Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993)). The question is whether the actions "are part of a prosecutor's traditional functions," and "the immunity attaches to [the prosecutor's] function, not to the manner in which he performed it." Id. (citing Doe, at 1209; Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)).

"Accordingly, a prosecutor's motivation, and whether preferable alternatives to the actions taken were available, are irrelevant." Id. (citing Dory, 25 F.3d at 83). As long as the acts were reasonably within the functions of a prosecutor, "absolute immunity applies to protect the prosecutor even in the face of a complaint's allegations of malicious or corrupt intent behind the acts." Giraldo v. Kessler, 694 F.3d 161, 166 (2d Cir. 2012). Absolute immunity even bars a plaintiff's allegations "that the prosecutors withheld evidence, engaged in perjury, and concealed the date of proceedings from him to prevent him from testifying." Gu v. Municipal Government of New York, No. 96-2857, 1997 U.S. App. LEXIS 12330 (RKW) (FXA) (JAC), at *7 (2d Cir. 1997); see also Schmueli, at 237 ("A prosecutor is entitled to absolute immunity despite

allegations of his knowing use of perjured testimony and the deliberate withholding of exculpatory information."); Hill v. City of New York, 45 F.3d 653, 662 (2d Cir. 1995) ("As to [the prosecutor's] failure to turn over *Brady* material . . . , this omission occurred after the prosecutorial phase of the case had begun and therefore is protected as a discretionary advocacy function."); Hendrix v. City of New York, No. 12-CV-5011 (ILG) (CLP), 2013 U.S. Dist. LEXIS 179259 (E.D.N.Y. Dec. 20, 2013)).  The Second Circuit has further held that "a political motive does not deprive prosecutors of absolute immunity from suit for authorized decisions made in the performance of their function as advocates." Bernard v. County of Suffolk, 356 F.3d 495, 507 (2d Cir. 2004).

The instant action is the exact type of lawsuit for which absolute immunity was conceived.  Applying this functional test here, defendants Amoroso, Greenwald, Hynes, and Murphy are "plainly entitled to absolute immunity" against plaintiff's claim of selective prosecution, "which arises out of their decision to initiate plaintiff's prosecution." Hendrix, 2013 U.S. Dist. LEXIS 179259, at *13 (citing to Hill, 45 F.3d at 661 ("[I]t has long been settled that prosecutors are entitled to immunity from § 1983 liability for initiating a prosecution.")). Detective Murphy contacted plaintiff about the criminal complaint, filed by defendant Greenwald, against plaintiff.  (Exhibit A, Compl., ¶¶ 16-17.)  Plaintiff does not allege any specific facts against defendant Hynes and Amoroso, except that they conspired to embarrass and deny plaintiff "from being reelected to his position." (Exhibit A, Compl., ¶ 21.)  Clearly, the individually named defendants were discharging their official duties to investigate a criminal charge against plaintiff for the unauthorized practice of law and to prosecute plaintiff for such offense. See Neroni v. Zayas, No. 13-CV-0127 (LEK) (DEP), 2014 U.S. Dist. LEXIS 44522, at *24 (N.D.N.Y. March 31, 2014) ("Northrup, as a District Attorney, is authorized to prosecute the

crime of unauthorized practice of law. See N.Y. COUNTY LAW § 700(1); N.Y. JUD. LAW § 486.")); see also N.Y. JUD. LAW § 478. Moreover, plaintiff has not plausibly alleged that the individually named defendants were involved in plaintiff losing his political seat, which, in any event, is not even a constitutional claim. Even if plaintiff had plausibly alleged a political motive on behalf of the District Attorney's Office, this action is still shielded by absolute immunity. The individually named defendants, therefore, are entitled to absolute immunity and are shielded entirely from this lawsuit.

**C.      The Individually Named Defendants Are Entitled Qualified Immunity.**

Even assuming, *arguendo*, that sovereign or absolute immunity does not apply in the instant matter, defendants Amoroso, Greenwald, Hynes, and Murphy are entitled to qualified immunity because, at a minimum, it was reasonable for them to believe that they did not violate plaintiff's rights. The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known . . . or insofar as it was *objectively reasonable* for them to believe that their acts did not violate those rights." Bradway v. Gonzales, 26 F.3d 313, 317-18 (2d Cir. 1994) (emphasis added) (internal citations and quotations omitted). A government actor's "actions are objectively unreasonable when no [actor] of reasonable competence could have made the same choice in similar circumstances." Lennon v. Miller, 66 F.3d 416, 420-21 (2d Cir. 1995). Qualified immunity is applicable regardless of "whether a government actor's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citations omitted). The Supreme Court has noted time and again that "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly

incompetent or those who knowingly violate the law.'"  Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

Here, even assuming, *arguendo*, that defendants Amoroso, Greenwald, Hynes, and Murphy violated plaintiff's constitutional rights, they are nonetheless entitled to qualified immunity because it was reasonable for them to investigate and prosecute plaintiff for the unauthorized practice of law, especially after plaintiff, who is not an attorney, unlawfully appeared in the Kings County criminal court on behalf of his nephew's cousin.  N.Y. JUDICIARY LAW § 478.  Moreover, to deny qualified immunity to defendants Amoroso, Hynes, Greenwald, and Murphy, plaintiff must establish that no reasonably competent prosecutor and investigator employed by the District Attorney's Office would believe that there was probable cause to prosecute an individual under these circumstances.  Surely this is an untenable conclusion, especially considering that plaintiff was ultimately convicted at trial.  Instead, in light of the above, there was, at a minimum, arguable probable cause for plaintiff's prosecution.  Defendants are, therefore, entitled to qualified immunity.

## POINT II

### PLAINTIFF HAS FAILED TO STATE A CLAIM.

Interpreting plaintiff's complaint broadly, plaintiff has alleged a due process claim in regards to losing his political seat, a selective prosecution claim pursuant to the Fourteenth Amendment, and a conspiracy claim.  Plaintiff, however, has failed to state a claim.

**A.     Plaintiff Has Failed to Allege a Due Process Claim.**

Plaintiff alleges that the individually named defendants "orchestrated" criminal charges against him in order to deny plaintiff "from being reelected to his position" in the

Democratic Party.  (Exhibit A, Compl., ¶ 21.)   Plaintiff, however, has no constitutionally cognizable property interest in an elected office.

Since the year 1900, the Supreme Court has made clear that "[t]he view that public office is not property has been generally entertained in this country." Taylor v. Beckham, 178 U.S. 548, 576 (1900).  "In Taylor, the governor of Kentucky claimed to have been deprived of property - namely, his political position - without due process of law, since, he averred, the recount election ousting him from office was marred by voter fraud." Velez v. Levy, 401 F.3d 75, 86 (2d Cir. 2005).  The Court rejected the governor's claim because "[t]he decisions are numerous to the effect that public offices are mere agencies or trusts, and not property as such. . . . .  Generally speaking, the nature of the relation of a public officer to the public is inconsistent with either a property or a contract right." Id. (citing Taylor, 178 U.S. at 577.) Forty years after the Taylor decision, the Supreme Court again affirmed, "elected offices cannot constitute 'property' within the meaning of the Fourteenth Amendment." Velez, 401 F.3d at 86 (citing Snowden v. Hughes, 321 U.S. 1, 7 (1944).  Accordingly, the Second Circuit has declared that a public official has no constitutionally cognizable interest in an elected office.  Velez, 401 F.3d at 87.  Furthermore, even assuming, *arguendo*, that a public official has a property interest in an elected office, plaintiff has not plausibly alleged that it was taken without due process.

Here, plaintiff has no constitutionally cognizable interest in an elected office, and plaintiff, thus, has failed to state a claim.

**B.     Plaintiff Has Failed to State a Claim for Selective Prosecution**.

Plaintiff alleges that the District Attorney's Office selectively prosecuted plaintiff for the unauthorized practice of law because plaintiff expressed his opinion on the matter of another politician's qualifications as leader and made the decision to run against a second politician- both of whom were supported by former District Attorney Hynes.  (Compl., ¶ 26.)

"The requirements for a selective-prosecution claim draw on 'ordinary equal protection standards.'" Jones v. J.C. Penny's Dep't Stores Inc., 317 Fed. Appx. 71, 74 (2d Cir. 2009) (citing United States v. Armstrong, 517 U.S. 456, 464 (1996)). "[T]he Equal Protection Clause requires that the government treat all similarly situated people alike." Cobb v. Pozzi, 363 F.3d 89, 110 (2d Cir. 2003) (citing Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2001) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985))). "To succeed in an action alleging selective prosecution, plaintiffs in this Circuit have been required to show both (1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Id. (citing Harlen Assocs., 273 F.3d at 499 (internal citation and quotation marks omitted)). "The key issue in an equal protection claim alleging selective prosecution is impermissible motive." Cantave v. N.Y. City Police Officers, No. 09-CV-2226 (CBA) (LB), 2011 U.S. Dist. LEXIS 34231, at *17 (E.D.N.Y. Mar. 17, 2011) (citing Lisa's Party City. Inc. v. Town of Henrietta, 185 F.3d 12, 17 (2d Cir. 1999)).

Moreover, the Second Circuit "held that where a public employee alleges that 'he was treated differently from other similarly situated employees for malicious reasons' and 'not on the basis of his membership in any particular class,' his equal protection claim is barred by" the Supreme Court's decision in Engquist. Heusser v. Hale, 777 F. Supp. 2d 366, 386 (D. Conn. 2011) (citing Massi v. Flynn, 353 F. App'x 658, 660 (2d Cir. 2009)). "In Engquist, the Supreme Court held that a public employee does not state a claim under the Equal Protection Clause by alleging that he or she was arbitrarily treated differently from other similarly situated employees unless the different treatment was based on the employee's membership in any particular class."

Porr v. Daman, 299 Fed. Appx. 84, 86 (2d Cir. 2008) (citing Engquist v. Or. Dep't of Agric., 553 U.S. 591, 598 (2008)).  The Supreme Court wrote, "[o]ur traditional view of the core concern of the Equal Protection Clause as a shield against arbitrary classifications, combined with unique considerations applicable when the government acts as employer as opposed to sovereign, lead us to conclude that the class-of-one theory of equal protection does not apply in the public employment context."  Engquist, 553 U.S. at 598.  The Second Circuit has agreed with the Supreme Court's rationale.  See Appel v. Spiridon, 531 F.3d 138, 139-40 (2d Cir. 2008) (following Engquist, "the Equal Protection Clause does not apply to a public employee asserting a violation of the [Equal Protection] Clause based on a 'class of one' theory of liability.")).  A plaintiff, therefore, has to allege more than just that he or she intentionally was treated differently from others similarly situated and there was no rational basis for such treatment, which is known as a "class-of-one" theory.  A plaintiff must allege that the improper treatment was based on membership of a protected class, such as race or gender.

Here, plaintiff's complaint is devoid of any mention of how he was treated differently from other similarly situated individuals.  Plaintiff speculates that defendants Hynes and Amoroso "compiled and maintained an 'enemies list' consisting of individuals Hynes believed to be threats to Hynes domination of the Brooklyn Democratic Party and his position of District Attorney." (Exhibit A, Compl., ¶ 28.) It appears that plaintiff is alleging that he is a part of a class of politicians that opposed defendant Hynes' political agenda; however, instead of arguing how he was treated different from politicians who voiced opposition, plaintiff claims that defendant Hynes also exacted "political revenge" against other politicians who also voiced opposition, such as "Judge John L. Phillips, Sandra Roper, and others." (Exhibit A, Compl., ¶

28.)  Plaintiff, therefore, alleges that he was actually treated similarly to other politicians who opposed defendant Hynes.

Plaintiff has also failed to meet the second prong of selective prosecution. Plaintiff has failed to plausibly allege that the individually named defendants had an impermissible motive to prosecute plaintiff.  Plaintiff, in conclusory fashion, states that his arrest was "orchestrated" to "embarrass and deny him of being reelected."  (Exhibit A, Compl., ¶ 28.) Plaintiff's speculative comments are further negated by the fact that he was actually convicted of the unauthorized practice of law by a jury.  (Exhibit A, Compl., ¶ 28.)  Furthermore, the heart of plaintiff's argument is that he should have received different treatment because of his status as a politician.  The audacity of this claim speaks for itself.

Furthermore, as a public employee, plaintiff has also failed to allege that the District Attorney's Office's treatment of him was different because he was a member of a protected class.[3]  Being a politician is simply not a member of a protected class.  Plaintiff has not plausibly alleged that he was a member of a protected class; therefore, plaintiff cannot meet the elements of a selective prosecution claim.  Plaintiff, thus, has failed to state a claim for selective prosecution.

C.      **Plaintiff Has Failed to State a Civil Conspiracy Claim.**

Plaintiff also cannot plausibly allege a civil conspiracy claim against defendant prosecutors, who all work at the Kings County District Attorney's Office.  "To state a claim for

---

[3] New York State law's definition of "public officials" includes both elected officials and municipal employees.  See e.g., NY CLS LEGIS § 1-c(l) (LOBBYING ACT); NYS PUBLIC OFFICERS LAW § 2.  As a public official, when alleging a "class-of-one" theory, a plaintiff must allege that improper treatment was based on membership of a protected class, such as race or gender.  Alleging mistreatment due to malice cannot meet an equal protection claim.  Heusser v. Hale, 777 F. Supp. 2d 366, 386-387 (D. Conn. 2011) (citing Massi v. Flynn, 353 F. App'x 658, 660 (2d Cir. 2009)).

conspiracy pursuant to § 1985, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." Villa v. City of New York, No. 11 Civ. 1669 (RJS), 2013 U.S. Dist. LEXIS 49830, at *23 (S.D.N.Y. Mar. 14, 2013) (internal quotations omitted) (citing Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)). "In the context of a § 1983 claim, a civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, where those persons agree to inflict an injury upon another and where there is an overt act resulting in damages." Carson v. Lewis, 35 F. Supp. 2d 250, 271 (E.D.N.Y. 1999) (internal cites omitted). Both require that plaintiff allege that the conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." Villa, 2013 U.S. Dist. LEXIS 49830, at *23 (internal cites omitted).

However, "[t]he 'intra-corporate conspiracy' doctrine, sometimes called the 'intra-enterprise conspiracy' doctrine, provides that a corporation or public entity 'generally cannot conspire with its employees or agents as all are considered a single entity.'" Danielak v. City of New York, No. 02-CV-2349 (KAM), 2005 U.S. Dist. LEXIS 40901, at *42-44 (E.D.N.Y. Sept. 26, 2005) ("Here, the intra-corporate conspiracy doctrine bars plaintiff's conspiracy claims because all of the individual defendants were employees of the New York City Police Department, and were acting within the scope of their employment as police officers when they arrested plaintiff.") (citing Everson v. New York City Transit Auth., 216 F. Supp. 2d 71, 76 (E.D.N.Y. 2002)).

As an initial matter, plaintiff has failed to allege sufficiently an underlying constitutional violation. Thus, defendants cannot be held liable for any purported conspiracy. Curley v. Village of Suffern, 268 F.3d 65, 72 (2d Cir. 2001) (citing Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995)). Moreover, the intra-corporate conspiracy doctrine bars plaintiff's conspiracy claims. Plaintiff alleges that defendants Hynes, Amoroso, and Greenwald "orchestrated" plaintiff's arrest to "embarrass and deny" plaintiff from being reelected. (Exhibit A, Compl., ¶ 21.) Defendants Amoroso, Greenwald, and Hynes were employees of the Kings County District Attorney's Office and were acting within the scope of their employment as prosecutors when they prosecuted plaintiff for the unauthorized practice of law. In addition, plaintiff has not alleged any facts to suggest that defendant Murphy was involved in a conspiracy. Plaintiff's conspiracy claim should be dismissed accordingly.

## POINT III

## PLAINTIFF HAS FAILED TO ALLEGE PERSONAL INVOLVEMENT.

Plaintiff has also failed to allege personal involvement of the individually named defendants. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant in a § 1983 action may not be held liable merely because he holds a high position of authority. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated" his constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 676 (U.S. 2009).

"A plaintiff . . . must plead the personal involvement of defendants in the alleged constitutional violation." Hendrix v. City of New York, No. 12-CV-5011 (ILG) (CLP), 2013 U.S. Dist. LEXIS 179259, at *8 (E.D.N.Y. Dec. 20, 2013) (citing Farid v. Ellen, 593 F.3d 233, 249 (2d Cir.2010)). "Personal involvement for purposes of a § 1983 action means 'direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates.'" Id. at **8-9 (citing Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). "A complaint is fatally defective on its face if it fails to allege that the defendants were directly and personally responsible for the purported unlawful conduct." Id. at *9 (internal cites omitted).

Here, plaintiff has failed to allege personal involvement of any of the named defendants. Plaintiff has not alleged a constitutional violation that any of the named defendants were personally involved in. Specifically, plaintiff states that defendant Murphy contacted plaintiff about the District Attorney's complaint, which alleged that plaintiff acted as an attorney without a license. (Exhibit A, Compl., ¶ 16.) This is the only paragraph alleging any action by defendant Murphy, and plaintiff has not alleged that defendant Murphy failed to remedy an alleged wrong – which would be impossible to allege considering plaintiff was convicted by a jury. There is no unconstitutional act committed by defendant Murphy alleged by plaintiff. (Exhibit A, Compl., ¶ 19.) Plaintiff alleges against defendant Greenwald that he filed the complaint against plaintiff. (Exhibit A, Compl., ¶ 17.) Again, plaintiff has not alleged a constitutional violation committed by defendant Greenwald against plaintiff, who was ultimately convicted of this criminal charge. (Exhibit A, Compl., ¶ 19.)

No allegations are specifically alleged against defendant Amoroso, except that plaintiff's arrest was "carefully orchestrated by Hynes, Am[o]roso, and Greenwald to embarrass

and deny" plaintiff "from being reelected to his position." (Exhibit A, Compl., ¶ 21.)  However, plaintiff has no property interest in his political seat.  Plaintiff, therefore, has failed to allege personal involvement of any of the named individual defendants in a constitutional violation.[4]

Furthermore, former District Attorney Charles Hynes, former Assistant District Attorney Dino Amoroso, District Attorney Joel Greenwald, and Detective Murphy are sued in their individual and official capacities.  (Exhibit A, Compl., ¶¶ 4-6.)  "Official-capacity suits 'represent only another way of pleading an action against an entity of which an officer is an agent.'"  Id. at *11 (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978)).  "Accordingly, such claims are routinely dismissed as duplicative when the municipality is also a defendant."  Id. at *12 (citing to Thomas v. Venditto, 925 F. Supp. 2d 352, 364 (E.D.N.Y. 2013); Volpe v. Nassau Cnty., 915 F. Supp. 2d 284, 298 (E.D.N.Y. 2013)).  Considering plaintiff has named the City of New York, plaintiff's claims against the individual defendants in their official capacities should be dismissed accordingly.

### POINT IV

### PLAINTIFF HAS FAILED TO STATE A CLAIM FOR MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND HYNES.

Assuming, *arguendo*, that the Court finds that plaintiff's federal rights were violated, plaintiff has not alleged a claim for municipal liability against defendants City and Hynes pursuant to Monell.

---

[4] Although not a party to the lawsuit, the complaint is completely devoid of any allegations of Om Kakani's participation.  Plaintiff, therefore, has not alleged personal involvement of Om Kakani.

A municipal entity may be found liable under § 1983 "only where the municipality itself causes the constitutional violation at issue." City of Canton v. Harris, 489 U.S. 378, 385 (U.S. 1989). "A municipality cannot be held liable under § 1983 on a *respondeat superior*" theory. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (U.S. 1978). To state a claim against a municipality, therefore, a plaintiff must allege plausibly that an "unlawful action was implemented or executed pursuant to a governmental policy or custom." Martin v. City of New York, No. 11 Civ. 600 (PKC) (RLE), 2012 U.S. Dist. LEXIS 56632, at **30-31 (S.D.N.Y. Apr. 19, 2012) (citing Monell, 436 U.S. at 690-91). "[A] municipal policy or custom must be the 'moving force' behind the constitutional violations at issue." Koltun v. Berry, No. 13 Civ. 1612 (PAC) (JCF), 2013 U.S. Dist. LEXIS 186354, at *34 (S.D.N.Y. Oct. 25, 2013) (citing Bryant v. Maffucci, 923 F.2d 979, 986 (2d Cir. 1991) (internal quotation marks omitted)), adopted by 2014 U.S. Dist. LEXIS 37878 (S.D.N.Y. Mar. 21, 2014). A complaint that lacks such allegations is fatally deficient and warrants dismissal. Ezagui v. City of New York, 726 F. Supp. 2d 275, 284-85 (S.D.N.Y. 2010).

Moreover, "to hold . . . [the] District Attorney liable, plaintiff must show that the alleged constitutional deprivation was the result of a municipal policy or custom." Jones v. City of New York, No. 12-CV-1739 (JBW), 2013 U.S. Dist. LEXIS 179265, at *12 (E.D.N.Y. Dec. 20, 2013). "A municipality will not be held liable under 42 U.S.C. § 1983 unless the plaintiff can demonstrate that the allegedly unconstitutional action of an individual . . . official was taken pursuant to a policy or custom 'officially adopted and promulgated by that [municipality's] officers.'" Id. (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). Furthermore, "it is possible for a § 1983 plaintiff to hold a district attorney liable, under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), for constitutional violations

committed by subordinate prosecutors." Robinson v. Rome, No. 11-CV-1411 (NGG) (LB), 2011 U.S. Dist. LEXIS 43784, at *10 (E.D.N.Y. Apr. 20, 2011). "Such liability may be based on the district attorney's failure to train his employees." Id.

      Here, plaintiff has failed to plausibly allege municipal liability pursuant to Monell against defendants City and Hynes. In fact, plaintiff's allegations against defendant Hynes surrounds defendants Hynes' decision to use "his political power and prosecutorial authority to systematically crush political opponents." (Exhibit A, Compl., ¶ 10.) Plaintiff has failed to allege any facts to show that any actions of wrongdoing were pursuant to a municipality custom or policy. Plaintiff alleges quite the opposite – one allegedly rogue District Attorney is using his position to advance his own goals. The entire complaint centers around the actions of the District Attorney's Office to "embarrass and deny" plaintiff of his political position by prosecuting plaintiff for a criminal offense. (Exhibit A, Compl., ¶ 21.) Plaintiff then fails to allege how defendant Hynes' actions created a municipal policy or custom because the complaint focuses on just one incident. Therefore, plaintiff has failed to plausibly allege municipal liability pursuant to Monell.

## CONCLUSION

      For the foregoing reasons, defendants City, Amoroso, Greenwald, Hynes, and

Murphy respectfully request that the Court dismiss plaintiff's complaint with prejudice, and such other and further relief as the Court deems just and proper.

Dated:      New York, New York
             August 12, 2014

                                       ZACHARY W. CARTER
                                       Corporation Counsel
                                         of the City of New York
                                       *Attorney for Defendants City, Amoroso, Greenwald,*
                                          *Hynes, and Murphy*
                                       100 Church Street, Room 3-179
                                       New York, New York 10007
                                       (212) 356-3187

                           By: _____
                                       Theresa D'Andrea, Esq.
                                       *Assistant Corporation Counsel*

To:    <u>VIA ECF</u>
       Dennis Kelly, Esq.
       *Attorney for Plaintiff*
       137 Glen Head Road
       Glen Head, New York 11545