UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RALPH PERFETTO,

                Plaintiff,

   - against -

CITY OF NEW YORK, ET AL.,

                Defendants.
--------------------------------------------------------x

MEMORANDUM AND ORDER

14 Civ. 2682 (ILG) (RML)

GLASSER, Senior United States District Judge:

Plaintiff Ralph Perfetto ("Perfetto") brings this action against the City of New York ("City"); former Kings County District Attorney Charles J. Hynes ("Hynes"), former Kings County Deputy District Attorney Dino Amoroso ("Amoroso"), Kings County Assistant District Attorney Joel Greenwald ("Greenwald"), former Richmond County Assistant District Attorney Om Kakani, and Detective Annemarie Murphy ("Murphy"),[1] individually and as employees of the Kings County and Richmond County District Attorney's Offices ("Individual Defendants," and together with the City, "Defendants"), alleging that Defendants conspired to selectively prosecute him for the unauthorized practice of law, which violated 42 U.S.C. §§ 1983 and 1985. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss the Complaint. Dkt No. 6. For the following reasons, the motion is GRANTED.

## BACKGROUND

The following facts are taken from the Complaint, which is presumed true for purposes of the motion, as well as from documents of which the Court may take judicial notice. Perfetto served as a Democratic Party official and an elected member of the

---

[1] Formerly known as "Perrino."

1

Democratic State Committee from 1992 through 2010.  See Compl. ¶ 11.  Hynes was the Kings County District Attorney during all times relevant to the Complaint.  Id.  Perfetto worked on Hynes' 2001 and 2005 re-election campaigns for District Attorney, as well as his campaigns for New York Governor and Attorney General.  Id. ¶ 12.

Perfetto alleges that Hynes used "his political power and prosecutorial authority to systematically crush political opponents" and "targeted" individuals whom he believed to be "threats to [his] domination of the Brooklyn Democratic Party and his position of District Attorney."  Id. ¶¶ 10, 27-28, 30(a).  He alleges that in September 2005, he became such a "target" when he challenged Vito Lopez—the candidate who Hynes openly supported—in an election for Democratic County Leader.  Id. ¶ 14.  He lost the election to Lopez.  Id.

## I. Conviction for the Unauthorized Practice of Law

On August 21, 2008, nearly three years after losing the election for Democratic County Leader, Perfetto appeared before the Brooklyn Criminal Court on behalf of his cousin's son, Anthony Martire, a defendant in a "minor criminal matter."  Id. ¶ 15.[2]  He also faxed statements regarding two witnesses to the Assistant District Attorney on the case.  Id.

In April 2009, Detective Murphy contacted Perfetto in response to a complaint regarding his August 2008 appearance as an attorney in Brooklyn Criminal Court without a license.[3]  Id. ¶ 16.  Perfetto "immediately" responded and "explained the situation."  Id. ¶ 17.  In April 2010, the Kings County District Attorney's Office filed a

---

[2] Perfetto states in his Opposition that he is not a lawyer.  See Opp. at 14.
[3] The Complaint does not identify the source of the initial complaint that Murphy received in April 2009.  Perfetto states in his Opposition that "charges were brought after an A.D.A. 'observed' the Plaintiff engaging in the unauthorized practice of law."  Opp. at 31.

criminal complaint against him, which charged him with the unauthorized practice of law, a misdemeanor, in violation of New York law.  Id. ¶ 18.  He was arrested on June 1, 2010, and on May 26, 2011, a jury found him guilty of the charge and the Brooklyn Criminal Court imposed a $1,000 fine, which he paid.  Id. ¶¶ 18-19; Kings County Cert. of Disposition (DX B).  He did not appeal the conviction.  Id. ¶ 20.

## II. Alleged Conspiracy Against Perfetto

Days after his arrest in June 2010, Perfetto launched his re-election campaign for District Leader of the Brooklyn Democratic Party.  Id. ¶ 21.  He ran against Kevin Carroll, the candidate who Hynes openly supported.  Id. ¶ 22.  He alleges that Hynes, Amoroso, and Greenwald "carefully orchestrated" his arrest and criminal prosecution "to embarrass and deny [him] from being reelected to his position of leadership in the Democratic party."  Id. ¶ 21.  After his arrest, Carroll allegedly "sent out campaign material smearing [his] name."  Id. ¶ 22.  He lost the election to Carroll.  Id. ¶ 23.

Perfetto commenced this action on April 29, 2014.  Dkt. No. 1.  The Complaint does not identify specific causes of action, and makes only a general statement that Defendants "violated Plaintiff's rights as guaranteed by reason of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§ 1983, 1985."  See Compl. ¶ 36.  The Court construes the Complaint as alleging federal claims under 42 U.S.C. §§ 1983 and 1985 for civil conspiracy, selective prosecution, and municipal liability.  On August 12, 2014, Defendants moved to dismiss the Complaint.  Dkt. No. 6. ("D. Mem.").  Perfetto filed his Opposition ("Opp.") on September 26, 2014.  Dkt. No. 12.  Defendants filed their reply ("Reply") on October 17, 2014.  Dkt. No. 13.

## LEGAL STANDARD

### I. Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although detailed factual allegations are not necessary, mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions" by the plaintiff will not suffice. Id. (internal quotations and citations omitted). This Court must accept as true all of the allegations made in the complaint and draw all reasonable inferences in the plaintiff's favor. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011).[4]

## DISCUSSION

Defendants argue that the Complaint should be dismissed because (1) the Individual Defendants are entitled to immunity from suit in their official and individual capacities and (2) Perfetto has failed to allege sufficiently the elements of his claims.[5]

### I. Claims Against Murphy and Kakani

The Complaint mentions Murphy only once regarding her investigation of Perfetto's appearance in Brooklyn Criminal Court and does not allege her involvement in the purported conspiracy against Perfetto. Similarly, the Complaint contains no allegations whatsoever regarding Kakani's misconduct, and Defendants assert that he

---

[4] Perfetto incorrectly relies upon the less stringent pleading standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), which is no longer good law. See Twombly, 550 U.S. at 570.

[5] In his Opposition, Perfetto added several new claims that were not alleged in his Complaint: abuse of process, prima facie tort, and municipal liability based on a "failure-to-train" theory. It "is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989). Thus, the Court will not consider these additional claims in ruling on Defendants' motion.

has not been served with process. Thus, the Complaint is dismissed as to Murphy and Kakani. See Grullon v. City of New Haven, 720 F.3d 133, 138-39 (2d Cir. 2013).

## II. Immunity

### a. Individual Defendants Sued in their Official Capacities

Official-capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). Where the plaintiff sues both the municipality and a municipal official in his official capacity, courts consistently dismiss the official capacity claim as "duplicative" of the claim against the municipality. See, e.g., Thomas v. Venditto, 925 F. Supp. 2d 352, 364 (E.D.N.Y. 2013). Because Perfetto has also sued the City, his claims against the Individual Defendants in their official capacities are dismissed as duplicative.[6]

### b. Absolute Prosecutorial Immunity

Defendants argue that Hynes, Amoroso, and Greenwald are entitled to absolute prosecutorial immunity for claims brought against them in their individual capacities. See D. Mem. at 6. Perfetto contends that they are not entitled to absolute prosecutorial immunity because they were acting in an investigative, rather than prosecutorial capacity when they charged and prosecuted him for the unauthorized practice of law. See Opp. at 10-11.

Prosecutors are entitled to absolute immunity from suit when discharging their official duties, but are entitled to qualified immunity only for liability related to actions not "intimately associated with the judicial phase of the criminal process." See, e.g.,

---

[6] Defendants argue that sovereign immunity shields the Individual Defendants from suit in their official capacities. Because the Court has dismissed the official capacity claims for the reasons noted above, it need not address Defendants' sovereign immunity argument.

5

Schumeli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005).  The exercise of prosecutorial discretion in determining whether to pursue criminal charges falls within the realm of immunized prosecutorial activity.  See Day v. Morgenthau, 909 F.2d 75, 77 (2d Cir. 1990).  Moreover, a prosecutor's motivation is irrelevant to an absolute immunity analysis so long as his acts were reasonably within the prosecutorial function.  Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001).

Hynes, Amoroso, and Greenwald are entitled to absolute prosecutorial immunity against Perfetto's claims, which arise entirely out of their decision to initiate and pursue the criminal prosecution against him.  See, e.g., Morgenthau, 909 F.2d at 77.  Furthermore, allegations that they "orchestrated" Perfetto's arrest to "embarrass and deny [him] from being reelected to his position of leadership in the Democratic party," are assertions of improper motive, which are irrelevant to an absolute immunity analysis.  See Parkinson, 238 F.3d at 150.  The claims against Hynes, Greenwald, and Amoroso in their individual capacities are therefore dismissed on absolute immunity grounds.

### III.     Municipal Liability

Perfetto argues that the City should be liable for the alleged constitutional violations because its employee, Hynes, "abus[ed] lawful process to gain political advantage by bringing charges against political opponents, to time the charges to produce maximum political advantage, all in an attempt to retain power in Brooklyn."  See Opp. at 27.  A municipal entity may be found liable under Sections 1983 and 1985 "only where the municipality itself causes the constitutional violation at issue."  See Monell, 436 U.S. at 691; Owens v. Haas, 601 F.2d 1242, 1247 (2d Cir. 1979).  The City cannot be held liable on a *respondeat superior* theory; instead, Perfetto must allege that

6

Hynes implemented or executed the unlawful action pursuant to a governmental policy or custom.  See City of St. Louis v. Praprotnik, 485 U.S. 112, 122 (1988).

Perfetto premises his municipal liability theory on the alleged fact that Hynes used "his political power and prosecutorial authority to systematically crush political opponents."  See Compl. ¶ 10.  He does not allege that these actions were pursuant to any official City custom or policy.  Therefore, he has failed to demonstrate that the City "was the 'moving force' behind the alleged injury," and the municipal liability claim against it is dismissed.  See Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  The Court is mercifully restrained from invoking 28 U.S.C. § 1927 for bringing this frivolous, meritless lawsuit which, in essence, is a complaint for being caught and prosecuted for practicing law without a license.  The Clerk of Court is instructed to enter judgment in favor of Defendants and close the case.

SO ORDERED.

Dated: Brooklyn, New York
February 11, 2015

/s/
I. Leo Glasser
Senior United States District Judge